# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
July 25, 2012 Session

## STATE OF TENNESSEE v. RICKY TRUMAINE SALTERS, SR.

**Appeal from the Criminal Court for Knox County**
**Nos. 92897, 92898, 92899A, 93669     Bob R. McGee, Judge**

---

**No. E2012-00035-CCA-R3-CD-FILED-DECEMBER 6, 2012**

---

Appellant, Ricky Trumaine Salters, Sr., entered guilty pleas without recommended sentences to drug offenses stemming from four separate indictments, for which the trial court imposed an effective thirteen-year sentence to be served in the Tennessee Department of Correction. Appellant contends on appeal that the trial court erred by ordering partially consecutive sentences and by refusing alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Keith Lowe, Knoxville, Tennessee, for the appellant, Ricky Trumaine Salters, Sr.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Jennifer Welch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Procedural History and Sentencing Facts

In addition to entering pleas without recommended sentences to four separate indictments in case numbers 92897, 92898, 92899A, and 93669, appellant also pleaded guilty to five counts of a fifth indictment (95897) and was convicted by a jury on the sixth count of the indictment in case number 95897. Appellant received an effective fourteen-year sentence on case number 95897, which the trial court ordered to run consecutively to the

effective thirteen-year sentence in case numbers 92897, 92898, 92899A, and 93669, for a total effective sentence of twenty-seven years. However, the notice of appeal in this case only lists case numbers 92897, 92898, 92899A, and 93669. In addition, there is no judgment or indictment for case number 95897 in the record.[1] Thus, the effective fourteen-year sentence imposed in case number 95897 is not properly before this court. We confine our review to the propriety of the effective thirteen-year sentence imposed in case numbers 92897, 92898, 92899A, and 93669.

The trial court began the sentencing hearing by stating that it was sentencing appellant on five cases, including the jury verdict and all of the guilty pleas. Because the trial court discussed five separate indictments in the sentencing hearing, we begin our review by setting forth the counts contained in each indictment and the sentence imposed for each:

#92897:   Count I:   sale of less than 0.5 g of cocaine, a Class C felony
          Count II:  delivery of less than 0.5 g of cocaine, a Class C felony

          Appellant pleaded guilty, and the trial court merged the convictions and sentenced him to four years.

#92898:   Count I:   sale of more than 0.5 g of cocaine, a Class B felony
          Count II:  delivery of more than 0.5 g of cocaine, a Class B felony

          Appellant pleaded guilty, and the trial court merged the convictions and sentenced him to nine years.

#92899A:  Count I:   sale of more than 0.5 g of cocaine, a Class B felony
          Count II:  delivery of more than 0.5 g of cocaine, a Class B felony

          Appellant pleaded guilty to Count I, and the trial court dismissed Count II and sentenced him to nine years.

---

[1]The trial court's determination of the length and manner of service in case number 95897 is gleaned from the amended sentencing order.

#93669:    Count I:     sale of more than 0.5 g of cocaine, a Class B felony

          Count II:    delivery of more than 0.5 g of cocaine, a Class B felony

          Appellant pleaded guilty, and the trial court merged the convictions and sentenced him to nine years.

#95897:    Count I:     sale of more than 0.5 g of cocaine, a Class B felony

          Count II:    delivery of more than 0.5 g of cocaine, a Class B felony

          Count III:   unlawful possession of a weapon, a Class E felony

          Count IV:    unlawful possession of a weapon, a Class E felony

          Count V:     unlawful possession of a weapon, a Class E felony

          Count VI:    employing a firearm during commission of a dangerous felony, a Class D felony

          Following a jury trial on Count VI, the court merged Counts I and II and sentenced appellant to nine years. The trial court merged Counts III, IV, and V and sentenced appellant to two years. The trial court imposed the mandatory five-year sentence to be served at 100% on Count VI.

The trial court ordered the sentences in case numbers 92898 (nine years), 92899 (nine years), and 93669 (nine years) to run concurrently with each other but consecutively to the sentence imposed in case number 92897 (four years), for an effective thirteen-year sentence on the cases included in this appeal. The court also ordered the sentence on merged Counts I and II (nine years) and merged Counts III, IV, and V (two years) in case number 95897 to run concurrently with each other but consecutively to the sentence imposed on Count VI (five years), for an effective fourteen-year sentence. All sentences in case number 95897 were to run consecutively to the sentences imposed on case numbers 92897, 92898, 92899, and 93669, resulting in an effective twenty-seven year sentence.

The trial court heard testimony at the sentencing hearing. The State presented Officer J.D. Sisk who was assigned to the repeat offenders squad of the Knoxville Police Department. He first encountered appellant on September 28, 2009, when he utilized a

confidential informant ("CI") to purchase crack cocaine from appellant. The CI knew appellant, so his identity was not in question. Upon completion of the transaction, Officer Sisk sent the substance purchased by the CI to be tested at the Tennessee Bureau of Investigation's toxicology lab. The report indicated that the substance contained 0.1 gram of cocaine base. This purchase formed the basis of indictment 92897.

Officer Sisk testified that a CI completed the second buy on October 1, 2009, at a local market close to appellant's home. The lab report indicated that the substance he purchased contained 0.7 gram of cocaine base. This evidence supported indictment 92899. On October 6, 2009, a CI purchased 4.6 grams of cocaine base from appellant at his home, forming the basis for indictment 92898. An October 13, 2009 purchase from appellant at his residence yielded 0.6 gram of cocaine base and established indictment 93669. The four CI purchases established probable cause to obtain a search warrant, which led to the arrest of appellant and the offenses contained in indictment 95897.

On cross-examination, Officer Sisk acknowledged that appellant was cooperative during his interrogation and offered Officer Sisk useful information about other people involved in drug transactions.

Appellant testified that he had previously held legitimate jobs at Burger King, O'Reilly's Auto Parts, and various jobs through Randstad, a temporary placement agency. His last employer was Arrowhead Manufacturing. He enrolled at Tennessee Tech University to earn a license in cosmetology so he could become a barber. He had neither graduated from high school nor obtained a general educational development ("GED") equivalent prior to his incarceration, but he later earned a GED while incarcerated. Appellant remained active as a volunteer in the Knox County Schools Adult Education Program because he wanted to assist other people in obtaining GEDs.

Appellant claimed that he resorted to selling drugs to pay his bills and that he was ashamed of that decision. He was married, and his wife lived in Nashville at the time of the sentencing hearing. He testified on direct examination that if he were granted probation, he would reside with his wife. However, on cross-examination, he admitted that they were separated and that he lived with someone else in government housing.

On cross-examination, appellant acknowledged that he had been given opportunities to enroll in and complete drug addiction classes following his prior drug convictions, but he never had time to do so. He also failed to complete anger management classes following his convictions for domestic violence. He admitted he was on probation when he was arrested. Appellant also knew that he was not allowed to possess a firearm as a convicted felon.

-4-

In a written sentencing order, the trial court sentenced appellant as a Range I offender.[2] In determining the appropriate sentence within the range, the trial court noted appellant's two prior convictions for distribution of cocaine and possession with intent to sell cocaine as well as four prior domestic assault misdemeanors. Accordingly, the trial court found enhancement factor (1), that appellant had a criminal history greater than that required to establish his offender range. *See* Tenn. Code Ann. § 40-35-114(1) (2010). The trial court found no other enhancing or mitigating factors.

With respect to its consecutive sentencing analysis, the trial court found by a preponderance of the evidence that appellant was a professional criminal who knowingly devoted his life to criminal acts as a major source of his livelihood. The court noted that appellant told police he sold drugs to get money for bills and that he possessed a firearm because "in his line of work," he could not trust people. The court also found that appellant was an offender whose record of criminal activity was extensive.

## II. Analysis

Appellant challenges the length of his effective thirteen-year sentence as being excessive and the trial court's failure to impose alternative sentencing.

## A. Standard of Review

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b) (2010). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4) (2010).

When imposing a sentence within the appropriate range of punishment for a defendant,

---

[2]Neither party has raised the propriety of this determination on appeal.

the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2010). From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (quoting Tenn. Code Ann. § 40-35-210(d)).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, 40-35-210(c) (2010). The 2005 amendments set forth certain "advisory sentencing guidelines" that are not binding on the trial court; however, the trial court must nonetheless consider them. *See id*. § 40-35-210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, to ensure fair and consistent sentencing." *Id*. § 40-35-210(e). The weighing of mitigating and enhancing factors is left to the sound discretion of the trial court. *Carter*, 254 S.W.3d at 345. The burden of proving applicable mitigating factors rests upon appellant. *State v. Mark Moore*, No. 03C01-9403-CR-00098, 1995 WL 548786, at *6 (Tenn. Crim. App. Sept. 18, 1995). The trial court's weighing of the various enhancement and mitigating factors is not grounds for reversal under the revised Sentencing Act. *Carter*, 254 S.W.3d at 345 (citing *State v. Devin Banks*, No. W2005-02213-CCA-R3-DD, 2007 WL 1966039, at *48 (Tenn. Crim. App. July 6, 2007), *aff'd as corrected*, 271 S.W.3d 90 (Tenn. 2008)).

When a trial court orders a sentence involving confinement, the court should consider whether: (A) "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;" (B) "confinement is necessary to avoid depreciating the seriousness of the offense" or to "provide an effective deterrence to others likely to commit

similar offenses;" or (C) less restrictive measures have been frequently or recently applied to defendant unsuccessfully. Tenn. Code Ann. § 40-35-103(1) (2010).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, ___ S.W.3d ___, No. E2011-00005-SC-R11-CD, 2012 WL 4380564, at *17 (Tenn. Sept. 26, 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at *17. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See Carter*, 254 S.W.3d at 346. The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

## B. Length of Sentence & Partial Consecutive Sentencing

The record reflects that the trial court considered the principles of the sentencing act. The court also reviewed the range of punishment for each offense to which appellant pleaded guilty and arrived at a sentence of one year above the minimum sentence after finding enhancement factor (1). Tenn. Code Ann. § 40-35-114(1) (2010). In finding enhancement factor (1), the trial court noted appellant's prior drug felonies and four prior misdemeanor domestic violence convictions. It did not find any mitigating factors. Based on the record, we conclude that the trial court did not abuse its discretion in determining the length of each sentence within the appropriate range.

The trial court ordered the nine-year sentences for the three class B felonies to run concurrently with each other but consecutive to the one class C felony, for an effective sentence of thirteen years on the four cases. The determination of whether to order consecutive rather than concurrent sentences is a matter primarily within the discretion of the trial court. *See State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). The procedure is governed by Tennessee Code Annotated section 40-35-115, which lists seven factors that are relevant to a trial court's sentencing decision. The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the

seven statutory criteria exists. Tenn. Code Ann.§ 40-35-115(b) (2010). Of the seven factors, the trial court found the following applicable to appellant's case[3]:

> (1)    The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood; and

> (2)    The defendant is an offender whose record of criminal activity is extensive.

Appellant directs this court to *State v. John Derrick Martin*, No. CCA-01C01-9502-CR-00043, 1995 WL 747824 (Tenn. Crim. App. Dec. 19, 1995), *aff'd, remanded,* 940 S.W.2d 567 (Tenn. 1997), as support for his argument against consecutive sentences. However, *John Derrick Martin* involved four ten-year consecutive sentences for four controlled buy drug offenses. *Id.* at \*4. In that case, this court reduced the forty-year sentence to twenty years by imposing a combination of concurrent and consecutive sentences. *Id.* at \*5. In modifying the sentences, this court concluded that forty years was not reasonably related to the drug convictions. *Id.*

We must again note that the propriety of the fourteen-year sentence comprising a portion of appellant's twenty-seven-year effective sentence is not properly before this court. Thus, our review is limited to the effective thirteen-year sentence imposed for three Class B felonies and one class C felony in case numbers 92897, 92898, 92899, and 93669 and the trial court's ordering the thirteen-year sentence to run consecutively to the fourteen-year sentence. Given the evidence from the sentencing hearing, we determine that both the thirteen-year sentence imposed in the instant case and the resulting twenty-seven year sentence are reasonably related to the offenses to which appellant pleaded guilty and are supported by the record. The trial court did not abuse its discretion in ordering partial consecutive sentences.

### C.  Alternative Sentencing

We begin our analysis with the proposition that an appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a) (2010). An especially mitigated or standard offender convicted of a Class

---

[3] The sentencing order does not reflect that the trial court found factor (6), that defendant was sentenced for an offense committed while on probation. Tenn. Code Ann.§ 40-35-115(b)(6) (2010). Furthermore, the record does not contain a copy of the presentence report. However, the evidence adduced at trial established that appellant was on probation from charges in South Carolina at the time he committed these offenses, and appellant concedes in his brief that factor (6) applies to him.

C, D, or E felony is considered to be a favorable candidate for alternative sentencing in absence of evidence to the contrary. *See* Tenn. Code Ann. § 40-35-102(6) (2010). However, we are unable to review this issue because appellant did not include the presentence report, his application for probation, or the trial court's ruling on his application. *See State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). Appellant bears the responsibility of preparing a record that sufficiently "convey[s] a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24. Because appellant failed to include the relevant transcripts and documents, we presume the trial court's findings are correct. *See State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); *State v. Ody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Appellant has waived his argument with regard to alternative sentencing for our review.

Waiver notwithstanding, our review of the merits would have resulted in affirmance of the trial court's order. Appellant stands convicted of three Class B felonies in the instant case. Thus, he is not a favorable candidate for alternative sentencing. Moreover, he was on probation for drug convictions garnered in another state when he committed the instant offenses. The record fully supports the trial court's order denying appellant's request for alternative sentencing.

## CONCLUSION

Based on our review of the record and the parties' briefs, we discern no error and affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE